**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **TYLEK JOHNSON,** | |
| **Plaintiff,** | **Case No. 1:25-cv-2996** |
| **v.** | **Removed from:** |
| **WALMART INC.,** | **Circuit Court for Baltimore County, Maryland** |
| **Defendant.** | |

## <u>NOTICE OF REMOVAL</u>

Defendant Walmart Inc. ("Defendant" or "Walmart") hereby gives notice of the removal of the above-captioned matter from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland (Northern Division) pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.[1] In support of removal, Defendant states as follows:

1.      On or about July 30, 2025, Plaintiff Tylek Johnson ("Plaintiff") initiated this action, captioned *Tylek Johnson v. Walmart Inc.*, case number C-03-CV-25-003737, in the Circuit Court for Baltimore County, Maryland (the "State Court Action").

2.      On August 14, 2025, Walmart was served with a copy of the Complaint through its registered agent, CT Corporation. True and correct copies of all documents received by Defendant in the State Court Action are attached hereto as **Exhibit 1** as required by 28 U.S.C. § 1446(a). Accordingly, this Notice of Removal is timely and complete.

---

[1] By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity, or otherwise.

3.      In his Complaint, Plaintiff alleges violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*

4.      Because the Circuit Court for Baltimore County, Maryland, lies in the District of Maryland (Northern Division), this Court is the appropriate venue for removal.  28 U.S.C. §§ 100, 1441(a).

5.      This Court has original jurisdiction over this action for two reasons: (1) it involves a "federal question" pursuant to 28 U.S.C. § 1331; and (2) it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 pursuant to 28 U.S.C. § 1332(a)(1).

6.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's Complaint asserts a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* Plaintiff also references the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  Both Title VII and the FLSA are "law[s] . . . of the United States" under 28 U.S.C. § 1441.  Thus, this Court has original federal question jurisdiction.

7.      Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Plaintiff alleges that he lives and recently worked in Maryland. Thus, Plaintiff is a citizen of Maryland.

8.      For diversity purposes, "a corporation shall be deemed to be a citizen of every State . . . by which it has been **incorporated** and of the State . . .  where it has its **principal place of business** . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). The Supreme Court has held that courts should apply the "nerve center" test to determine a corporation's principal place of business. Under that test, a

corporation's principal place of business is the state in which "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.* at 93.

9.      Walmart Inc. is a corporation incorporated under the laws of the State of Delaware. Therefore, Defendant is a citizen of Delaware for diversity purposes.

10.     The headquarters and corporate offices of Walmart Inc. are located in Bentonville, Arkansas, which is where its officers and directors perform the company's executive and administrative functions.  Thus, Walmart Inc.'s principal place of business is Arkansas, and Defendant is also a citizen of Arkansas for diversity purposes.

11.     In summary, complete diversity exists in this case because Plaintiff is a citizen of Maryland and Defendant is a citizen of Delaware and Arkansas.

12.     Additionally, Plaintiff claims he is entitled to the following damages: (1) past and future lost wages of $2,050,720; (2) non-economic/emotional distress damages of $10,253,600; (3) punitive damages of $60,000,000. Thus, the amount in controversy greatly exceeds $75,000, exclusive of interest and costs.

13.     Walmart is the only defendant named in this action and no other party is required to consent to the removal of this action to the United States District Court for the District of Maryland, Northern Division.  28 U.S.C. § 1446(b)(2)(A).

14.     Pursuant to 28 U.S.C. §1446(d), a true and complete copy of this Notice of Removal is being submitted for filing with the Clerk of the Circuit Court for Baltimore County, Maryland with a copy of the same provided to all parties who have appeared in this action.  A copy of the Notice of Filing is attached as **Exhibit 2**.

15.     The required filing fee and an executed civil cover sheet accompany this Notice.

WHEREFORE, having fulfilled all statutory requirements, Defendant hereby removes this action from the Circuit Court for Baltimore County, Maryland, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated:  September 11, 2025                              Respectfully submitted,

*/s/ G. Bethany Ingle*

G. Bethany Ingle (Bar No. 20055)
Leslie P. Currie (Bar No. 31560)
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, Virginia 22102
Telephone:     703.442.8425
Facsimile:     703.442.8428
gingle@littler.com
lcurrie@littler.com

*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

The undersigned certifies a copy of the foregoing Defendant's Notice of Removal was served this 11th day of September 2025, by electronically filing the same with the CM/ECF System, and by first-class U.S. Mail on the following:

>Tylek Johnson
>3604 Tulsa Rd.
>Gwynn Oak, MD 21207
>
>*Plaintiff, pro se*

I further certify that, pursuant to 28 U.S.C. § 1446(d), on the 11th day of September 2025, I caused a copy of the foregoing Notice of Removal to be filed electronically with the Court's MDEC filing system, in the Circuit Court for Baltimore County, Maryland.

*/s/ G. Bethany Ingle*         
G. Bethany Ingle
